# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AMBER SENA, et al.,

    Plaintiffs,

v.

BANK OF AMERICA HOME LOANS, et al.,

    Defendants.

Case No. 2:10-CV-00947-KJD-LRL

**ORDER**

Currently before the Court is Defendants' Motion to Dismiss and Motion to Strike (##7, 8). Plaintiffs filed a Response in opposition (#14), to which Defendants filed a Reply (#16).

**I. Background**

On or about May 20, 2010, Plaintiffs Amber Sena, Bernadette and Robert Santos, and Lin Zhang filed a Complaint in state court based on the their claim that they had each purchased real property located in Clark County, Nevada, that each of their loans were owned or serviced by Bank of America, and claiming that they meet the criteria to be considered for a modification under the Federal Affordable Modification Program ("HAMP").[1] Each of the Plaintiffs allege that they were

---

[1] The Court notes that Plaintiffs Bernadette and Robert Santos do not explicitly allege that they met the requirements for a HAMP modification; however, the Complaint alleges generally that all plaintiffs seek HAMP modifications. (See #1 at 3.)

given adjustable rate loans, that their rates could increase was never disclosed to them, and that when their interest rates reset, their payments increased dramatically and they were unable to make payments. All Plaintiffs subsequently defaulted on their respective notes, and unsuccessfully sought loan modifications under the Nevada Mediation Program. Plaintiffs allege that the Defendants have refused or are currently refusing to negotiate with them in good faith to modify their loans, as required under the Emergency Stabilization Act of 2008. See 12 U.S.C. § 5201. Plaintiffs allege that Defendants have wrongfully denied Plaintiffs access to the benefits of HAMP by refusing to evaluate their loans for modification, and by initiating or failing to suspend foreclosure proceedings against them, even after they asked to be considered for HAMP. Plaintiffs' Complaint alleges eight claims for relief: (1) declaratory relief; (2) injunctive relief; (3) breach of contract; (4) breach of good faith and fair dealing; (5) inspection and accounting; (6) slander of title; (7) unfair lending practices under NRS § 598D, and (8) deceptive trade practices under NRS §§ 598.0915 and 598.0923.

Plaintiffs seek an order from the Court that all future foreclosure sales of Plaintiffs' properties be postponed until Defendants determine Plaintiffs' eligibility for the Making Home Affordable Program and an Order that the Defendants must offer the Plaintiffs a loan modification that is in compliance with HAMP. Additionally, Plaintiffs seek actual and punitive damages, attorney's fees, costs, and injunctive relief, enjoining Defendants from foreclosing, recording of the deed of trust and/or commencing eviction proceedings against Plaintiffs.

On June 30, 2010, the Court held a hearing on Plaintiffs' Motion for Preliminary Injunction. (See #11.) At the hearing, the Court denied injunctive relief, finding "little likelihood of success on the merits due to the fact that the Plaintiffs do not have standing to challenge the HAMP program and the decisions of those who are participating through mandatory relief." (#12 at 21.) The Court found that injunctive relief was not in the public interest because it would discourage lenders from participating in the HAMP program. Additionally, the Court found no danger of imminent harm, because there was no scheduled foreclosure date.

Defendants' instant Motion seeks that the Court dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, alleging that Plaintiffs lack third-party beneficiary rights under the Servicer Participation Agreement ("SPA"), through which Bank of America and Countrywide Home Loan Servicing, LP agreed to implement HAMP.

**II. Standard of Law for Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks

omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Discussion**

On April 17, 2009, Bank of America, N.A. entered into a Servicer Participation Agreement with Fannie Mae, pursuant to HAMP. ("HAMP Agreement" #12 Ex. A.).[2] HAMP is a government program established pursuant to the Emergency Economic Stabilization Act of 2008, designed to promote loan modification and other foreclosure prevention services. See 12 U.S.C. § 5201. Under HAMP, individual loan servicers voluntarily enter into contracts with Fannie Mae, acting as the financial agent of the United States, to perform loan modification services in exchange for certain financial incentives. See Villa v. Wells Fargo Bank, N.A., 2010 WL 935680 (S.D. Cal. March 2010); Mugica v. Aurora Loan Services LLC, 2009 WL 3467750, at *3 (C.D. Cal. Oct. 28, 2009); Kamp v. Aurora Loan Services LLC, 2009 WL 3177636, at *4 (C.D. Cal. Oct. 1, 2009). The servicer's obligations under HAMP are set forth in the HAMP Agreement, as well as in Program Guidelines established by the Department of the Treasury.

**A. Contract-based claims**

As stated above, Plaintiffs' Complaint alleges that Defendants are a party to a contract with Fannie Mae, specifically, a Servicer Participation Agreement (SPA) for HAMP. Plaintiffs allege that they are third party beneficiaries of this contract, and that Defendants are in breach because they were

---

[2] If matters outside of the pleadings are submitted in conjunction with a motion to dismiss, Rule 12(b) grants courts discretion to either accept and consider, or to disregard such materials. See Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 193 n. 3 (5th Cir.1988). A court exercises this discretion by examining whether the submitted material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, may facilitate disposing of the action. Id. at 193 n. 3. If the court elects to convert the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Here, the Court may consider the HAMP Agreement attached to Defendants' Motion without converting the Motion to one for Summary Judgment, because the document's authenticity is not at issue and because it is the subject of, and referred to extensively, in the Complaint. See Anderson v. Clow, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

4

required under the HAMP Agreement to postpone foreclosure pending evaluation of Plaintiffs' loan modification applications.

As stated at the Preliminary Injunction Hearing of June 30, 2010, the Court finds that Plaintiffs do not have standing as third-party beneficiaries under the SPA at issue. Numerous courts have rejected identical claims for third-party beneficiary status that Plaintiffs raise here. See eg., Escobedo v. Countrywide, 2009 WL 4981618 at *3 (S.D. Cal. 2009); Villa, 2010 WL 935680at *2–3. This Court finds the ruling of the Escobedo court persuasive, which held that plaintiff borrowers were incidental beneficiaries under the HAMP agreement, and that although the HAMP agreement was intended to benefit the borrowers, the language of the contract did not demonstrate that the parties intended to grant enforceable rights under the contract to borrowers. Id. at *2. The Escobedo court noted that the contract itself, stated that it "inure[s] to the benefit of . . . the parties to the Agreement and their permitted successors-in-interest," not borrowers. Id. The court also stated that the HAMP agreement did not require loan servicers to modify eligible loans; and therefore, that the borrowers lacked standing to enforce the HAMP agreement. Id. at *3.

As in Escobedo, this Court finds that the borrowers lack standing to enforce the HAMP agreement. Accordingly, Defendants' Motion to Dismiss Plaintiffs' contract-based claims for relief should be granted.[3]

**B. Statutory-based Claims**

*1. Unfair Lending Practices*

Plaintiffs' Seventh Cause of Action alleges violations of Nevada's Unfair Lending Practices Statute NRS §598D ("ULPA"). Specifically, the Complaint alleges that Plaintiffs are borrowers and

---

[3] The Complaint also briefly raises breach of contract claims not related to the SPA. Defendants moved to dismiss on the grounds that one of these alleged violations dealt with failure to make disclosures, a duty that arises under the federal Truth-in-Lending Act, rather than in contract. Defendants also moved to dismiss the allegation that Bank of America failed to provide unspecified assistance within 30 days in breach of the "loan agreements/contract." Neither the Complaint nor the Opposition identify a contractual provision on which these claims rest. Accordingly Plaintiffs' non-SPA related breach of contract claims also fail.

Defendants are lenders, as defined by the ULPA. (See Compl. ¶ 106.) The Complaint however, simply recites the statutory language of NRS § 598D.100(b). This type of pleading, a "formulaic recitation of the elements of a cause of action," is not sufficient to sustain a cause of action, as it fails to set forth a plausible claim for relief. See Iqbal, 129 S.Ct. at 1949.

Additionally, Plaintiffs aver that they adequately alleged their loans are "home loans" subject to the ULPA. (See #14 at 20.) Their ULPA claim fails however, because the loans at issue were not subject to the ULPA statute at the time they were made. It is undisputed that the Sena's loan originated in 2006, the Santos' in 2005, and Zhang's in 2003. (Compl.; #1.) As of 2006, the ULPA defined a "home loan" as "a consumer credit transaction that is secured by a mortgage loan which involves real property located within this State and constitutes a mortgage under § 152 of the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1602(AA) (HOEPA), and the implementing regulations adopted by the Board of Governors of the Federal Reserve System including, 12 C.F.R § 226.32; NRS § 598D.040 (2005).

The loans at issue here cannot qualify as "home loans" under the ULPA unless they were a "mortgage" under HOEPA. The statute's definition of a "mortgage" however, is very limited and includes only certain specialized loans. Though Plaintiffs aver that their loans were "home loans" subject to the ULPA, (Compl. ¶ 106), they do not set forth any facts to support that conclusion or to demonstrate that the loan was a high-cost loan subject to 15 U.S.C. § 1602(AA).[4]

### 2. Deceptive Trade Practices

Defendants move to dismiss Plaintiffs' Eighth Cause of Action on the grounds that the claim does not indicate the time, place, manner, or identity of the person who made the misrepresentation upon which the claim relies. Plaintiffs' Opposition fails to address Defendants' argument, but rather

---

[4] Plaintiffs additionally suggest that they can state a claim under NRS § 598D.120. This position fails because NRS § 598D.120 does not apply to borrowers.

6

recites a section of NRS § 598D.0915(9) which defines a deceptive practice as the advertising of a good or service without intent to provide it. (#14 at 21.)

Under Rule 9(b), claims involving fraud, such as Plaintiffs' deceptive trade practices claim must meet a heightened pleading standard. These heightened requirements may be met by making allegations "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666 672 (9th Cir.1993)). Such allegations must "state the time, place, and specific content of the [fraud] as well as the identities of the parties to the [fraud]." Schreiber Distrib. Co. v. Serve-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

Plaintiffs fail to set forth specific facts showing when a false advertisement was disseminated, which Defendant ran an alleged false advertisement, the medium of advertisement, or even to allege how said advertisement was deceptive. Accordingly, the Court finds that the claim fails to meet the heightened pleading standard for fraud set forth in Fed. R. Civ. P. Rule 9(b), and should be dismissed.

### *3. Slander of Title*

Defendants additionally seek that the Court dismiss Plaintiffs' sixth claim for relief for slander of title. Upon review of the Complaint, the Court finds that Plaintiffs have failed to set forth any facts that state a claim for slander of title. The Complaint does not allege facts sufficient to prove malice or false statement, and it is undisputed that Plaintiffs defaulted on their loan payments. (See #12 at 4–5.)

Plaintiffs' Response in opposition avers that Defendants acted wrongfully by noticing a sale before responding to Sena's loan modification application, as stated above however, Plaintiffs have no right to a loan modification. Additionally, Plaintiffs fail to explain how any notice of sale constitutes a malicious false statement that caused them special damages. See Exec. Mgmt, Ltd. v.

7

Ticor Title Ins. Co., 114 Nev. 823, 842, 963 P.2d 465 (1998).  Accordingly, the Court finds that Plaintiffs' slander of title claim also fails, and should be dismissed.

Plaintiffs' remaining claims for relief are actually requests for remedies—for inspection and accounting, and declaratory and injunctive relief.  All seek remedies based upon the viability of the Complaint's substantive claims.  Therefore, because the Court has found that Plaintiffs' substantive claims fail, Plaintiffs' requests for remedies also fail.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#7), is **GRANTED**.  Judgment to be entered on behalf of Defendants.

DATED this 29th day of March 2011.

_____
Kent J. Dawson
United States District Judge